| | |
|---|---|
| 1 | BENJAMIN NACHIMSON |
| | (State Bar No. 166690) |
| 2 | LAW OFFICES OF |
| | BENJAMIN NACHIMSON |
| 3 | 11755 Wilshire Boulevard |
| | Fifteenth Floor |
| 4 | Los Angeles, California 90025 |
| | Telephone: (310) 473-5550 |
| 5 | Facsimile: (310) 919-3779 |
| | e-mail: bsn@nachimsonlaw.com |
| 6 | |
| | Attorneys for Movant |
| 7 | BANK OF AMERICA, N.A. |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In the Matter of | Bankruptcy Case No.09-41432EJ |
| Itzel Catalina Perez | Chapter 13 |
| | RS No.: BSN-01 |
| | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| | **Hearing** |
| | Date: October 7, 2011 |
| | Time: 10:00 a.m. |
| | Place: Courtroom 215 |
| | 1300 Clay Street |
| | Oakland, CA 94612 |
| _____ / | |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

BANK OF AMERICA ("BOA"), a corporation and a creditor of debtor(s) Itzel Catalina Perez hereby moves this Court, pursuant to 11 U.S.C. section 362(d), for an order granting BOA relief from the automatic stay with respect to a certain 2007 HYUNDAI SANTA FE with Vehicle ID No. 5NMSH13E07H029880 (the "Property").

///

///

///

-1-

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

# I.

## PRELIMINARY STATEMENT

1. The petition in the above-entitled bankruptcy case was filed on or about 02/25/2009, as a Chapter 13 proceeding. An Order confirming the Debtor's Chapter 13 Plan of Reorganization was entered on 05/13/2009.

2. BOA is the owner of a written Retail Installment Sale Contract ("Contract") pursuant to which Debtor purchased the Property described above.

3. Said Contract is in default in that, as of September 1, 2011, debtor has failed to pay the monthly payments due and owing on March 27, 2010 in the sum of $513.28 and each of the payments falling due thereafter. As of August 8, 2011 and pending liquidation of the vehicle, the sum of $16,238.53 is currently due, owing and unpaid on account of the Contract

4. BOA is entitled to the relief requested on the basis of lack of adequate protection resulting from said defaults; lack of equity on the part of 11 debtor, and other sufficient cause under 11 U.S.C. section 362.

## II

### Relief From The Automatic Stay Should Be Granted
### With Respect To The Property

1. Section 362(d) of the Bankruptcy Code authorizes this Court to grant relief from the automatic stay:

   (1) For cause, including the lack of adequate protection of an interest in property of such party in interest; or

   (2) With respect to the stay of an act against property under subsection(a) of this section, if-

       (A) The debtor does not have any equity in such property; and

       (B) Such property is not necessary to an effective reorganization.

2. The facts set forth in the concurrently filed Declaration of _____ in Support of Motion for Relief From the Automatic Stay, for which the court is requested

-2-
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
Case 09-41432  Doc# 24  Filed 09/14/11  Entered 09/14/11 11:38:34  Page 2 of 3

to take judicial notice, establish the requisite cause, including lack of adequate protection and lack of equity in the subject Property, to entitle BOA to relief from the automatic stay. Moreover, the subject Property is a depreciating asset and the amount owing under said contract has been steadily increasing as a result of the aforesaid delinquency, and associated attorneys' fees and collections costs.

## III
## CONCLUSION

Based upon the foregoing, and any additional evidence which may be presented at the time of the hearing on this motion, including a request that the Court take judicial notice of the value of the aforementioned motor vehicle as set forth in the accompanying declaration, Movant respectfully requests this Court to grant its motion for relief from the automatic stay as follows:

(a) That the automatic stay with respect to the Property be modified so as to permit Movant to foreclose its interest in said Property; and

(b) That the Order terminating the automatic stay with respect to said Property not be stayed by the 14-day stay contemplated by Bankruptcy Rule 4001(a)(3) or otherwise.

(c) For such other and further relief as the Court deems just and proper.

DATED: September 14, 2011     LAW OFFICES OF BENJAMIN NACHIMSON
.

By: /s/ Benjamin Nachimson
Benjamin Nachimson
Attorneys for Movant